**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTOINE LeBLANC,<br><br>        Petitioner,<br><br>   v.<br><br>JOHNSON,<br><br>        Respondent. | No. 2:21-CV-1475-JAM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss the petition based on procedural default and failure to exhaust judicial remedies. ECF No. 15. For the reasons discussed below, this Court agrees the petition should be dismissed.

**I. BACKGROUND**

Petitioner was convicted of manslaughter in 2010. See ECF No. 9 at 11. On March 25, 2017, while housed at the California Health Care Facility, Stockton ("CHCF"), Petitioner received a Rules Violation Report ("RVR"), alleging he committed a battery on a peace officer. See id. at 12. On May 23, 2017, Petitioner was transferred to California State Prison in Los Angeles County. See id. Shortly thereafter, a disciplinary hearing was conducted, in which the Petitioner was found guilty of resisting staff and a loss of credits was assessed. See id. at 13.

1    Petitioner sought to have his RVR dismissed on the grounds that the hearing
2    officer violated his due process rights by coercing him into pleading guilty to a resisting arrest
3    violation. See id. at 12. Petitioner claims the hearing officer did not allow him to call witnesses,
4    review the investigative report detailing the charges against him, and review evidence of the
5    incident stored on a DVD video. See id. In November 2017, Petitioner filed an inmate appeal
6    regarding his claims based on the disciplinary hearing. Id. at 36. The appeal was canceled
7    because it was untimely submitted. See id. Petitioner then appealed the cancellation decision and
8    was once again denied on the same basis. See id at 87. At the Third Level of Appeal, Petitioner
9    was informed that his canceled appeals would not be processed. See id at 81.
10   On March 28, 2019, Petitioner filed a petition for writ of habeas corpus in the
11   Sacramento County Superior Court, which was later transferred to the San Joaquin County
12   Superior Court. See id. at 62-63. The petition challenged the May 27, 2017, disciplinary hearing
13   based on due process violations as mentioned above. See id. The superior court found that the
14   documentation submitted with the petition showed that Petitioner did not comply with the
15   administrative appeals process. See id. The court also found Petitioner failed to exhaust his
16   administrative remedies which prevented the court from considering his claims.
17   On August 26, 2019, Petitioner filed a writ of habeas corpus in the California
18   Court of Appeal for the Third Appellate District raising the same claims. See id. at at 66. The
19   court denied the petition. See id.
20   On November 7, 2019, Petitioner filed for a writ of habeas corpus in the California
21   Supreme Court and raised the same claims. See ECF No. 17 at 104 (Petitioner's opposition to
22   Respondent's motion to dismiss). The court denied the petition on February 11, 2020, with
23   citation to In re Dexter, 25 Cal.3d 921, 925-26 (1979), which requires administrative exhaustion.
24   See id.
25   On July 22, 2020, Petitioner filed a writ of habeas corpus in this Court. See ECF
26   No.1. The petition was subsequently amended on January 4, 2021. See ECF No. 9.
27   ///
28   ///

2

## II. DISCUSSION

Respondent argues the current petition is procedurally barred based on a state court procedural default. See ECF No. 15, pg. 4. Based on the same facts giving rise to the procedural default in state court, Respondent also argues the petition must be dismissed for failure to exhaust state judicial remedies, which resulted in a lack of fair presentation of Petitioner's claims to the state's highest court. See id. at 5.

### A. Procedural Default

Respondent asserts that this Court is precluded from reaching the merits of Petitioner's claim because the California state courts' rulings imposed a procedural bar by denying Petitioner's habeas petitions based on a state law procedural default – failure to exhaust administrative remedies.

A state court decision that denies relief based on a violation of a state procedural rule, that is independent of the federal question and adequate to support the judgment, bars federal review of a habeas petition. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). This doctrine of procedural bar is based on the concerns of comity and federalism. See id. at 730-32. However, there are limitations as to when a federal court should invoke a state law procedural default and refuse to review a claim because a petitioner violated a state's procedural rules. Procedural default can only block a claim in federal court if the state court "clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989).

In determining whether a state procedural ruling bars federal review, the Court looks to the "last reasoned opinion on the claim." Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991). Therefore, this Court will "look through" the California Court of Appeal's and California Supreme Court's summary denials and examine the decision of the San Joaquin County Superior Court. See Brumfield, 135 S. Ct. at 2276; Ylst, 501 U.S. at 806.

///
///
///
///

1            Here, the San Joaquin County Superior Court denied Petitioner's habeas claim in a
2    two-page written decision relying on Petitioner's failure to exhaust his administrative remedies as
3    its only basis for judgement.  Specifically, the court stated:

> On November 15, 2017, Petitioner filed a 602 Appeal regarding his claims surrounding his RVR hearing. The administrative appeal was cancelled because it was filed late; i.e., beyond thirty (30) days from the incident. Petitioner then appealed the cancelation claiming that he did not see the Disciplinary Hearing Results until November 2, 2017, which would have made his appeal timely. This appeal was also cancelled, which resulted in a series of appeals of cancelled appeals. Eventually, Petitioner was told by the Third Level of Appeal, by means of adopting the decision from the Second Level of Appeal, that all his canceled appeals would not be processed and that the appeal of the RVR hearing had been appropriately cancelled.
>
> Generally, "a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies." (*In re Dexter* (1979) 25 Cal.3d 921, 925, 160 Cal.Rptr. 118; *In Re Muszalski* (1975) 52 Cal.App.3d 500, 125 Cal.Rptr. 286.) As described above, the documentation submitted with the petition shows that Petitioner did not comply with the administrative appeals process with regard to his claims about the RVR hearing. In fact, Petitioner was told several times that the appeal was cancelled because it was filed late. Petitioner must comply with the administrative appeals process before seeking habeas relief. Petitioner's failure to exhaust his administrative remedies precludes consideration of his claims in this judicial proceeding.
>
> Based on the foregoing, the petition is denied.

ECF No. 9 at 62-63.

The decision of the state superior court clearly rests on procedural errors related to Petitioner's failure to exhaust his administrative remedies.  This is demonstrated by the plain language of the decision discussing Petitioner's failure to comply with the administrative appeals process.  It is well established that a petitioner's failure to exhaust administrative remedies constitutes an adequate and independent ground for a state court's denial of habeas relief.  See Saunders v. Garrison, 2008 WL 5219876 (E.D. Cal. Dec. 12, 2008), Tofoya v. Cambell, 2007 WL 2265591 (E.D. Cal. Aug. 6, 2007).  For this reason, this Court concludes that Petitioner's petition is barred because he defaulted in state court by failing to exhaust his administrative remedies.

///

///

///

A petitioner may escape the consequences of procedural default by showing either cause and actual prejudice, or a miscarriage of justice. In other words, a petitioner may obtain federal review of a procedurally defaulted claim by demonstrating "(1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" Jones v. Ryan, 691 F.3d 1093, 1101 (9th Cir. 2012) (quoting Coleman, 501 U.S. at 750). To satisfy the "cause" prong of the cause and prejudice standard, Petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. Cooper v. Neven, 641 F.3d 322, 327 (9th Cir. 2011) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986); Cooper, 641 F.3d at 327. To show "prejudice," Petitioner must demonstrate "not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." U.S. v. Frady, 456 U.S. 152, 170 (1982); Correll v. Stewart, 137 F.3d 1404, 1416 (9th Cir. 1998).

Here, Petitioner seems to raise an argument that he was prevented from complying with the procedural requirements of the prison administrative process because he did not receive the administrative appeal decision. See ECF No. 9 at 16. Petitioner claims he was on suicide watch and could not obtain a physical copy of the appeal decision. See id. However, the administrative appeal decision indicates that Petitioner received a final copy of the RVR — properly documented in the Strategic Offender Management System on August 27, 2017. See id. at 30. Still, the Petitioner filed the appeal on November 17, 2021, well beyond the 30-day requirement to file an appeal. See id. Moreover, the record indicates that Petitioner confirmed receipt of the RVR on August 27, 2017. See id. at 31. Thus, Petitioner presents no evidence and no genuine argument that he was precluded from compliance with the procedural rules because he received proper notice of the RVR. For that reason, there is no evidence showing an external factor prevented Petitioner from complying with the state's procedural rules and thus no showing of cause or actual prejudice or a miscarriage of justice.

///

///

**B.     Exhaustion**

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.

Here, the state courts denied Petitioner's petitions because he failed to exhaust his administrative remedies. See ECF No. 9 at 61-67; See ECF No. 17 at 104. The superior court and the California Supreme Court cited to In re Dexter, which requires that a habeas corpus petitioner must exhaust available administrative remedies in order to be afforded relief. See ECF No. 9 at 61; See ECF No. 17 at 101. Furthermore, the Ninth Circuit made clear that if a habeas corpus petition is procedurally deficient, then available state remedies have not been exhausted. See Harris v. Superior Court, 500 F. 2d 1124, 1128 (9th Cir. 1974) (en banc). Therefore, because

Petitioner procedurally defaulted, the California Supreme Court could not reach the merits of the case and was thus denied an opportunity to correct the claimed constitutional violation. Thus, due to Petitioner's procedural default, Petitioner also failed to exhaust his state court remedies.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss, ECF No. 15, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 30, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE